IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-27-FL

| | |
|---|---|
| ANDREW SCOTT JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Andrew Scott Jones ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner" or "defendant") denying his application for a period of disability and disability insurance benefits ("DIB") on the grounds that he is not disabled. The case is before the court on the respective parties' motions for judgment on the pleadings. (D.E. 23, 25). Each party filed a memorandum in support of its motion (D.E. 24, 26). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* 2nd Docket Entry dated 1 Aug. 2013). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

I.  BACKGROUND

A.  Case History

Plaintiff filed an application for DIB on 4 August 2009, alleging a disability onset date of 6 August 2008. Transcript of Proceedings ("Tr.") 17. The application was denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 17. On 24 May 2011, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 32-67. In a written decision

dated 29 July 2011, the ALJ found that plaintiff was not disabled and therefore not entitled to DIB. Tr. 17-26. Plaintiff timely requested review by the Appeals Council. Tr. 17. The Appeals Council denied the request for review on 7 November 2012. Tr. 1-4. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff commenced this proceeding for judicial review on 10 January 2013, pursuant to 42 U.S.C. § 405(g). (*See In Forma Pauperis* Mot. (D.E. 1), Order Allowing Mot. (D.E. 4), Compl. (D.E. 5)).

B. **Standards for Disability**

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

### C. Findings of the ALJ

Plaintiff was 26 years old on the alleged onset date of disability and 29 years old on the date of the administrative hearing. Tr. 25 ¶ 7. Plaintiff's alleged disability arises from a work-related accident on 6 August 2008 in which he sprained his right ankle and subsequently reported

chronic pain in his right leg and elsewhere, depression, and other impairments. *See* Tr. 21-22 ¶ 5. He has at least a high school education and past work as a heavy equipment operator, service or oil technician, filling machine operator, and truck driver. Tr. 25 ¶¶ 6, 8.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. Tr. 19 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments that are severe within the meaning of the Regulations: complex regional pain syndrome/reflex sympathetic dystrophy ("RSD"),[1] mild depression, and anxiety. Tr. 19 ¶ 3. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal any of the listings. Tr. 20 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform a limited range of work at the sedentary level, as follows:

> [T]he undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) when afforded the option to sit or stand every thirty minutes. He can stand and walk for two hours in an eight-hour workday, can frequently climb ramps and stairs, but can never climb ropes, ladders, or scaffolds. The claimant can frequently balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to hazards. Due to pain medications and/or mental issues, he is limited to simple, routine, repetitive tasks, by that he can apply common sense understanding to carry out oral, written, and diagrammatic instructions. The claimant is capable of taking criticism from supervisors and interacting appropriately with others. He would need a cane for balancing.

---

[1] Reflex sympathetic dystrophy or reflex sympathetic dystrophy syndrome can be described as follows:

> [A]lso known as complex regional pain syndrome, [it] is a rare disorder of the sympathetic nervous system that is characterized by chronic, severe pain. The sympathetic nervous system is that part of the autonomic nervous system that regulates involuntary functions of the body such as increasing heart rate, constricting blood vessels, and increasing blood pressure. Excessive or abnormal responses of portions of the sympathetic nervous system are thought to be responsible for the pain associated with reflex sympathetic dystrophy syndrome.

Entry for "Reflex Sympathetic Dystrophy Syndrome," http://www.webmd.com/brain/reflex-sympathetic-dystrophy-syndrome (last visited 9 Jan. 2014).

Tr. 21 ¶ 5.

Based on this RFC, the ALJ found at step four that plaintiff was not capable of performing his past relevant work. Tr. 25 ¶ 6. At step five, considering plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform, including jobs in the occupations of charge account clerk, food and beverage order clerk, and document preparer. Tr. 25-26 ¶ 10. The ALJ accordingly concluded that plaintiff was not disabled. Tr. 26 ¶ 11.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent

evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B.     Plaintiff's Contentions

Plaintiff contends that the ALJ erred by purportedly failing to consider: (1) the opinions of certified rehabilitation counselor Stephen D. Carpenter ("Carpenter"), who examined him; (2) the opinions of nurse practitioner Kimberly Graham, who treated him; and (3) the impact of the side effects of plaintiff's medications on his ability to work. For the reasons set out below, the court finds plaintiff's contention regarding Carpenter's opinions to be dispositive of this appeal.

### C.     ALJ's Failure to Discuss Opinions of Rehabilitation Counselor Carpenter

Carpenter holds a Master's degree in education and, in addition to being a certified rehabilitation counselor, is a certified disability management specialist, certified case manager, and certified medical exercise specialist. *See* Tr. 545. He has also testified as an independent vocational expert in Social Security disability appeals. *See, e.g.*, *Howard v. Astrue*, No. 4:07–CV–195–FL, 2009 WL 863581, at *7 (E.D.N.C. 26 Mar. 2009) (mag. judge's mem. & recommendation as adopted by order at same citation); *Viverette v. Astrue*, No. 5:07–CV–395–

FL, 2008 WL 5087419, at *8 (E.D.N.C. 24 Nov. 2008) (same); *Morton v. Astrue*, No. 4:07-CV-39-FL, 2008 WL 1837384, at *7 (E.D.N.C. 23 Apr. 2008) (same); *Deese v. Astrue*, No. 5:06-CV-458-D(2), 2008 WL 244176, at *5 (E.D.N.C. 29 Jan. 2008) (same).

Carpenter conducted a vocational rehabilitation evaluation of plaintiff on 1 October 2010 at the request of plaintiff's counsel. In his 12-page report on his evaluation, Carpenter first summarized the history he obtained from plaintiff (Tr. 545-48) and then the numerous medical records he reviewed (Tr. 548-51). He next reported the results of seven tests he administered to plaintiff. Tr. 551-55.

> Carpenter concluded that plaintiff could not work, finding in part:
>
> [B]ecause of significant pain issues, it is doubtful that he can maintain a consistent work pace during a normal 8 hour day until pain levels are reduced.
>     . . . .
> At age 28, Mr. Jones is classified as a younger individual and has no age related vocational deficits. Although he dropped out of school in the 9th grade, he returned to obtain a GED as well as a CDL. He has a long stable work history driving tractor-trailer trucks from 2000 to date of injury on 08/06/2008. Subsequently, the injured worker presents as a well motivated worker with a long stable work history.
>
> Because of a significant injury to the right lower extremity, the patient has developed complex regional pain syndrome & marked functional loss affecting his ability to engage in sustained function on a routine basis. He is limited, according to the medical records, to a restricted range of sedentary work & should not drive commercial trucks.
>     . . . .
> Vocational testing revealed probable ability to pursue college level training. However, due to deficiencies presented by vocational testing, pain levels will need to be reduced & other deficiencies improved through pain management, psychiatric versus psychological therapy, and by other interventions as recommended by the patient's health care providers.
>
> Based on the medical & vocational findings presented, it is the opinion of this Rehabilitation Counselor within a reasonable degree of rehabilitation/vocational certainty, that Mr. Jones is not employable in any job at any functional level and he has been unemployable since DOI. Job placement is not recommended since it will be futile, in the opinion of this Rehabilitation Counselor, due to the patient's marked loss of functional capacity.

Tr. 553, 555-56. Carpenter thus offered an opinion with supporting findings on the ultimate issue of plaintiff's ability to work contrary to that of the ALJ.

Carpenter also reached a different conclusion on the specific issue of plaintiff's credibility about his impairments. In finding plaintiff's allegations about his symptoms not fully credible, the ALJ cited to evaluations by physicians, including psychiatric examiner C. Thomas Gualtieri, M.D., and other examiners who found that plaintiff appeared to be engaging in malingering and symptom exaggeration. Tr. 23-24, 24 ¶ 5. In contrast, Carpenter found plaintiff's allegations credible:

> Although Dr. Gualtieri reported several negative impressions of the patient, to include questions about giving full effort, this Rehabilitation Counselor found no evidence of motivation problems, poor effort, or other negative behaviors that would affect test scores. The patient was cooperative, and he was motivated to complete all test tasks in spite of chronic severe pain.

Tr. 552.

Nevertheless, in his decision, the ALJ did not discuss Carpenter's opinions. He did not even cite to his report (*i.e.*, Exhibit 24F). Aside from boilerplate references by the ALJ to having considered all evidence in the record, the decision does not demonstrate that the ALJ considered Carpenter's opinions at all. Tr., *e.g.*, 17 ("After careful consideration of all the evidence . . . ."); 19 (After careful consideration of the entire record . . . ."); 21 ¶ 5 (same).

There was also no reference to Carpenter's report at the hearing because it was not submitted until 6 July 2011, over a month after the hearing and only about three weeks before the ALJ's decision.[2]

Moreover, the timing of the submission also means that other sources of record who evaluated plaintiff did not have access to Carpenter's report. Thus, the fact that the ALJ

---
[2] No supplementary information accompanied the report, prepared, as indicated, on 1 October 2010.

discussed records from these other sources does not signify that he was discussing Carpenter's opinions indirectly.[3]

The court finds that the ALJ's failure to discuss Carpenter's opinions, to say nothing of his possible failure even to consider them, requires remand. As stated by this court in a similar setting:

> "The ALJ is not required to discuss all evidence in the record." *Aytch v. Astrue*, 686 F. Supp. 2d 590, 602 (E.D.N.C. 2010). However, a reviewing court "cannot determine if findings are unsupported by substantial evidence unless the [ALJ] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). Where the ALJ "fails to discuss relevant evidence that weighs against his decision," the court will remand for further proceedings. *Ivey v. Barnhart*, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing *Murphy v. Bowen*, 810 F.2d 433, 438 (4th Cir. 1987)); *see also Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) ("An ALJ may not select and discuss only that evidence that favors his ultimate conclusion." (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995))).

*Miller v. Astrue*, No. 7:09–CV–115–FL, 2010 WL 3734027, at *4 (E.D.N.C. 21 Sept. 2010). In *Miller*, the court found that remand was required because of the ALJ's failure, as here, to discuss the opinion of a vocational expert (*i.e.*, Dixon Pearsall, Ph.D.) based on his interview of the claimant. *Id.*

Defendant advances several arguments in an attempt to justify the ALJ's failure to discuss Carpenter's opinions. She contends, for example, that Carpenter's status as an "other source," as opposed to an "acceptable medical source," justifies attribution of less weight to Carpenter's opinions. *See* 20 C.F.R. § 404.1513(a), (d). While such status can be a basis for attributing less weight to the opinions of a source, such status does not excuse the ALJ from the obligation to clearly indicate the weight he accorded Carpenter's opinions. *See* Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *6 (9 Aug. 2006) ("[The ALJ] generally should explain the weight

---

[3] In this regard, Carpenter's opinions are distinguishable from those of Nurse Practitioner Graham, which, as noted, plaintiff alleges the ALJ ignored. The physician supervising Graham, Hsiupei Chen, M.D., does refer (very favorably) to Graham's treatment of plaintiff in his notes that the ALJ discussed. *See* Tr. 24 ¶ 5; 485, 486, 521.

9

given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."); *Napier v. Astrue*, No. TJS-12-1096, 2013 WL 1856469, at *2 (D. Md. 1 May 2013) ("[T]he ALJ is required to 'explain in the decision the weight given to . . . any opinions from treating sources, non-treating sources, and other non-examination sources who do not work for the [the Social Security Administration]."); *Adkins v. Astrue*, No. 1:10–cv–00887–PWG, 2012 WL 458796, at *2 (D. Md. 10 Feb. 2012) (remanding case, in part, because ALJ improperly accorded little weight to the opinion of a physician's assistant on grounds that she was an "other source").

Defendant also argues that Carpenter's opinions are not entitled to significant weight because they are on issues reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1), (3). While Carpenter's opinion on plaintiff's ability to work and possibly other issues are on issues reserved to the Commissioner within the meaning of the Regulations, others do not appear to be, such as his view on the credibility of plaintiff's statements regarding his symptoms, about which, as indicated, the ALJ considered the opinions of other examiners of plaintiff. Moreover, even as to the issues that are reserved to the Commissioner, the ALJ was still required to consider them and indicate the weight he accorded them. *See* Soc. Sec. Ruling 96-5p, 1996 WL 374183, at *3 (2 Jul. 1996); Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *6.

More fundamentally, though, defendant cannot now supply to the court a basis for rejection of Carpenter's opinions that the ALJ did not provide. As stated in *Miller*:

> Had [the ALJ] discussed [the vocational rehabilitation] opinion, the ALJ may well have rejected it for one or more of the reasons suggested by defendant. But this court will not supply a rationale for rejecting the opinion where the ALJ has supplied none. *Cf. Patterson v. Bowen*, 839 F.2d 221, 225 n. 1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave."). By failing to "analyze [ ] all evidence and ... sufficiently explain [ ] the weight he has

> given to obviously probative exhibits," the ALJ has made it impossible for the court to determine whether his decision is supported by substantial evidence without abdicating the duty to look to the entire record. *See* [*Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984)].

*Miller*, 2010 WL 3734027, at *4.

The need for an adequate explanation by the ALJ is particularly important in this case. While finding plaintiff not disabled, the ALJ also determined his RFC to be relatively limited. He determined plaintiff capable of only sedentary work subject to a sit/stand option, and postural, environmental, and mental-impairment-related limitations. Moreover, Carpenter conducted a seemingly comprehensive examination of plaintiff, he appears to be well qualified in his field, and his report cites extensively to supporting evidence and findings. *See* 20 C.F.R. § 404.1527(d)(1), (3), (5). His opinions are not cumulative of other evidence of record. It therefore appears that Carpenter's opinions could have a material impact on the evaluation and outcome of this case.

The court therefore concludes that, as in *Miller*, it cannot determine whether the ALJ's decision is supported by substantial evidence in the absence of an explanation by the ALJ of the weight he accorded Carpenter's opinions. The case must therefore be remanded. In light of this disposition, the court need not address the remaining issues raised by plaintiff.

Nothing herein shall be deemed an expression by the court of the weight, if any, that should be accorded to Carpenter's opinions. That is a matter left for determination by the Commissioner on remand.

## III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 23) for judgment on the pleadings be ALLOWED, defendant's motion (D.E. 25) for judgment be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42

U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 23 January 2014 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections shall be filed within 14 days after service of the objections on the responding party.

This, the 9th day of January 2014.

James E. Gates
United States Magistrate Judge